## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SIDNEY KEYS, SR., | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) No. 4:25-cv-01230-HEA |
|  | ) |
| VETERANS UNITED MORTGAGE CO., | ) |
|  | ) |
| Defendant. | ) |

### OPINION, MEMORANDUM AND ORDER

This matter is before the Court on self-represented Plaintiff Sidney Keys' Application to Proceed in District Court Without Prepaying Fees or Costs. [ECF No. 2]. Having reviewed the Application, the Court grants it and waives the filing fee. For the reasons discussed below, the Court dismisses this action without prejudice pursuant to 28 U.S.C. § 1915.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);

*Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff has filed numerous lawsuits in this Court. This year alone, he has filed 23 new cases. Here, he asserts Defendant Veterans United Mortgage Co. denied preapproving his home loan because he did not have a credit score of 620 or higher. He states his belief that if a disabled veteran applies for a VA home loan for the first time, the credit score is not relevant. He seeks $3 million in damages.

## Discussion

Plaintiff identifies racial discrimination as the basis of his claims. Title 42 U.S.C. § 1981 provides, in relevant part, that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts." 42 U.S.C. § 1981(a). To "make and enforce contracts" includes "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b). To assert a prima facie claim under § 1981, plaintiff must allege, among other things, that: (1) he was a member of a protected class; and (2) the defendant acted with discriminatory intent. *Yang v. Robert Half Int'l, Inc.*, 79 F.4th 949, 962 (8th Cir. 2023).

Plaintiff is an African American man. He contends that Defendant denied him a home loan due to racial discrimination. Despite this contention, he offers no factual allegations that would allow the Court to infer racial animus. Plaintiff's

3

assertion of discrimination, without more, constitutes a legal conclusion that the Court need not accept as true.  *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *Brown v. Green Tree Serv. LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that the court must accept factual allegations in complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").  The Court finds that Plaintiff has failed to state a plausible claim of racial discrimination.  It will not supply additional facts for Plaintiff, nor will it construct a legal theory that assumes unalleged facts.  *See Stone*, 364 F.3d at 914.

## Conclusion

Liberally construed, the Court finds the complaint fails to state a plausible claim of racial discrimination under § 1981.  For these reasons the Court dismisses this action for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**.  [ECF No. 2]

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice.  A separate Order of Dismissal will accompany this Opinion, Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel is **DENIED** as moot. [ECF No. 3]

Dated this 18th day of December, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE